IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT EARL O'DELL,

        Petitioner,

    v.

PAULA MYERS,

        Respondent.

Civil No. 09-245-ST

FINDINGS AND RECOMMENDATION

    Tonia L. Moro
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Andrew Hallman
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 to challenge the legality of a number of state court convictions. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #13) should be denied.

## BACKGROUND

On the night of May 7, 2000, during an argument with his mother's boyfriend, Brian O'Hair, petitioner pointed a gun at O'Hair's head. A neighbor saw this occur and summoned the police. The police broke up the altercation and instructed petitioner and his girlfriend to spend the night elsewhere. Respondent's Exhibit 116, p. 8.

Petitioner left the scene, went to a friend's house, and proceeded to summon additional friends to whom he recounted details of his altercation with O'Hair. Shortly thereafter, petitioner and his friends returned to his mother's apartment carrying various weapons, including a broken pool cue, a pipe, and a wooden mallet. *Id.* After parking several blocks away, petitioner called his mother to tell her "'something like, 'You better call Brian one last time, and tell him you love him 'cause we're getting ready to go f--- him up.'" *Id.* Petitioner and his friends entered the apartment, broke down the locked door to his room where O'Hair was sleeping, and attacked him with their weapons, causing O'Hair serious injuries. *Id* at 8-9.

2 - FINDINGS AND RECOMMENDATION

Petitioner's friends all entered guilty pleas, but petitioner elected to proceed to a jury trial where he was convicted of Assault in the First Degree, Conspiracy to Commit Assault in the First Degree, Burglary in the First Degree, Attempted Bribery of a Witness, and Unlawful Possession of a Firearm. Respondent's Exhibit 101. The trial court did not initially merge his convictions for Assault and Conspiracy to Commit Assault, and on direct review the Oregon Court of Appeals concluded that the trial court should have done so, but otherwise affirmed the trial court. *State v. O'Dell*, 191 Or. App. 331, 82 P.3d 183 (2003). The trial court issued an Amended Judgment merging these convictions and sentenced petitioner to 115 months in prison plus a term of post-prison supervision. Respondent's Exhibit 101. Petitioner then sought review in the Oregon Supreme Court on the remainder of his claims, which was denied. *State v. O'Dell*, 336 Or. 509, 87 P.3d 1136 (2004).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County which denied relief on his claims. Respondent's Exhibit 122. The Oregon Court of Appeals affirmed the PCR trial court without opinion, and the Oregon Supreme Court denied review. *O'Dell v. Blacketter*, 220 Or. App. 457, 187 P.3d 231, *rev. denied* 345 Or. 301, 194 P.3d 147 (2008).

Petitioner filed his Amended Petition for Writ of Habeas Corpus on May 28, 2009, alleging 14 grounds for relief. Respondent

3 - FINDINGS AND RECOMMENDATION

asks the court to deny relief on the Amended Petition because: (1) most of the claims are procedurally defaulted; and (2) the non-defaulted claims were denied on the merits in state court decisions that are entitled to deference.

**FINDINGS**

**I.   Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court

may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. Unargued Claims

With the assistance of court-appointed counsel, petitioner filed an Amended Petition alleging 14 grounds for relief. However, in his supporting memorandum, petitioner argues only a single claim (Amended Petition, Ground Six), namely whether he was denied effective assistance of counsel when his attorney failed to investigate and present a defense to the bribery charge by presenting the testimony of his father, Kenneth O'Dell.

Petitioner does not address the remainder of his claims alleged in the Amended Petition which respondent addressed in her Response. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also*

5 - FINDINGS AND RECOMMENDATION

*Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

II.  **Ground Six: Failure to Call Kenneth O'Dell at Trial**

According to petitioner, trial counsel provided him with unconstitutional representation when he failed to call Kenneth O'Dell at trial who was the true culprit behind the attempted bribery of O'Hair. Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When

*Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S. Ct. at 1420.

Petitioner's conviction for Attempted Bribery of a Witness was based on his offer of a substantial payment to O'Hair in an apparent attempt to avoid a criminal prosecution. During his trial, petitioner's mother testified that he called her and "was pretty much saying he was sorry for what he did. He was offering to pay for doctor bills and compensate for what he had done." Trial Transcript Vol. IV, p. 140. Petitioner was willing to pay O'Hair thousands of dollars and, in exchange, he wanted O'Hair "[t]o go easy on him as far as this all went." *Id.* Counsel for petitioner filed a motion seeking a judgment of acquittal on the basis that petitioner's mother's did not show any intent on petitioner's part to influence O'Hair's testimony. The trial court denied the motion. Trial Transcript Vol. VIII, p. 13.

During petitioner's PCR trial, he asserted that had trial counsel called his father, Kenneth O'Dell, to testify during the criminal trial, his father would have stated that he, and not petitioner, tried to bribe O'Hair. Respondent's Exhibit 108, pp. 4-5. To support this claim, petitioner introduced an affidavit from his father stating: "It was not Petitioner who bribed anyone, in fact, it was me who told O'Hair I would recompensate [*sic*] him

7 - FINDINGS AND RECOMMENDATION

if he did not press charges against Petitioner." Respondent's Exhibit 109, Ex. 1, p. 2. The State offered a competing affidavit from trial counsel:

> Petitioner's allegation that his father would have testified that he, not Mr. O'Dell, had tried to bribe Mr. O'Hair, is contrary to all the evidence that was available before and during trial. Although the exact content of Mr. O'Dell's discussion regarding asking Mr. O'Hair not to prosecute the criminal matter was in dispute, that it was Mr. O'Dell who initiated it, not his father, was not.

Respondent's Exhibit 117, p. 6.

The PCR trial judge determined that petitioner's father simply was not credible and quoted petitioner's attorney's affidavit in its decision. Respondent's Exhibit 121, p. 16. The PCR trial court also stated, "so your dad comes in like a, possibly, good dad and says, 'Hey, I'll take the heat on this.' It was too late. It was contrary to all the evidence that was there, just the way I read the thing." *Id.*

According to petitioner, trial counsel's statement within his PCR affidavit that petitioner initiated the bribery offer to O'Hair is inconsistent with the evidence. Petitioner theorizes that his father initiated the bribery offer and that petitioner simply asked his mother to prevail on O'Hair to accept that offer. He also contends that trial counsel's affidavit does not undermine his claim because it never states that he actually interviewed Kenneth O'Dell about the bribery offense.

8 - FINDINGS AND RECOMMENDATION

The PCR trial court made a credibility determination that petitioner's father did not, in fact, attempt to bribe O'Hair. While petitioner offers speculation as to what may have occurred regarding his father, he fails to direct the court to any clear and convincing evidence to overcome the PCR trial court's factual determination that Kenneth O'Dell had nothing to do with the attempted bribery of O'Hair, but was merely trying to take the blame to assist his son. In fact, the record supports this finding. Petitioner's mother testified that petitioner told her he would pay O'Hair "to go easy on him as far as this all went" and had offered thousands of dollars for him to do so. She never testified that her ex-husband was involved in any way. In addition, although petitioner faced the bribery charge, there is no evidence in the record that Kenneth O'Dell ever contacted counsel to confess to his alleged participation in the bribery and instead came forward only following his son's conviction.

Taking the PCR trial court's factual determination about Kenneth O'Dell's non-participation in the attempted bribery as true, trial counsel's performance did not fall below an objective standard of reasonableness because he was under no duty to present false evidence to the court. Accordingly, relief on the Petition should be denied.

///

///

9 - FINDINGS AND RECOMMENDATION

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #13) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 17, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under January 31, 2011advisement.

DATED this 31st day of January, 2011.

                                              s/   Janice M. Stewart
                                                    Janice M. Stewart
                                                    United States Magistrate Judge